Filed 3/18/13  P. v. Moore CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B239046 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA387399) |
| v. | |
| JASON MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jason Moore appeals from the judgment entered following his conviction by jury on one count of sale of a controlled substance in violation of Health and Safety Code section 11352, subdivision (a). We affirm.

On August 3, 2011, Los Angeles Police Department (LAPD) Officer Jose Calderon was working with a team of officers who were conducting an undercover narcotics investigation in downtown Los Angeles. As Officer Calderon walked down the street, appellant showed him three pieces of solid resembling rock cocaine and offered to sell him some. Officer Calderon bought two of the three pieces and paid appellant with a pre-recorded $10 bill. Officer Calderon then signaled to his supervisor that he had conducted a transaction and described appellant. Officer Calderon placed the pieces in a bag and booked it into evidence.

Officer Calderon's partner, Ben McCauley, saw appellant approach Officer Calderon and have a conversation with him before Officer Calderon walked away and gave the signal. Officer McCauley did not see any exchange of money. He heard the description of appellant and directed uniformed officers to detain appellant.

Appellant was arrested a few minutes later. When he was searched, officers did not find the pre-recorded $10 bill, the third piece of rock cocaine, or any other drugs, but they did find a pipe to smoke rock cocaine.

Andrea Mazzola, a criminalist in the LAPD crime lab, analyzed the substance Officer Calderon purchased from appellant and determined that it contained cocaine in the form of cocaine base.

Appellant was charged by information with one count of violating Health and Safety Code section 11352, subdivision (a). The information alleged one prior strike pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and four prior prison terms pursuant to Penal Code section 667.5, subdivision (b).

Appellant filed a *Pitchess* motion for discovery of the personnel records of three officers. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) The court conducted a *Pitchess* hearing and ordered the disclosure of numerous records.

The jury returned a guilty verdict, and the court found true the allegations of prior convictions. The court sentenced appellant to three years in state prison, doubled pursuant to the Three Strikes law for a total term of six years. The court struck the prior prison term allegations. Appellant filed a timely notice of appeal.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. In addition, counsel noted that the trial court conducted an in camera hearing with respect to appellant's *Pitchess* motion. Counsel requested that we review the transcript of the hearing pursuant to *People v. Mooc* (2001) 26 Cal.4th 1216.

On September 19, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


SUZUKAWA, J.

4